**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA RUSSOMANNO,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SUNOVION PHARMACEUTICALS, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 22-5032 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Defendant Sunovion Pharmaceuticals, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 7) pro se Plaintiff Gina Russomanno's ("Plaintiff") Complaint (Compl. *15-23, ECF No. 1)[1] with prejudice.[2] Plaintiff opposed (ECF No. 8), and Defendant replied (ECF No. 12). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court dismisses Plaintiff's Complaint without prejudice.

**I.　BACKGROUND**

　　Plaintiff claims that after a period of discriminatory conduct, Defendant terminated her employment in January 2019. (Def.'s Reply, Ex. A., Plaintiff's Notice of Complaint in Case No.

---

[1] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[2] Plaintiff erroneously includes many allegations in the Notice of Complaint. For the purposes of this Opinion, the Court considers all factual allegations in the Notice of Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). In any future amendment, Plaintiff should include all allegations within the Complaint itself.

20-cv-12336, 2-3, ECF No. 12-1.)[3] Between September 2019 and August 2020, Plaintiff applied to different positions in the pharmaceutical industry but received no offers of employment. (Compl. *20-21.) Believing that Defendant was making defaming comments against her to prospective employers, Plaintiff sent a "cease and desist" letter to Defendant, dated November 14, 2019. (Def.'s Notice of Removal *25, ECF No. 1.) The letter asserted that Defendant was responding to employment verification and external background reference checks from potential employers "in a disparaging way" and instructed Defendant to "immediately have all human resources and leadership references cease and desist." (*Id.*) By August 2020, Plaintiff "gave up applying to that field of industry." (*Id.* at *20.)

Plaintiff filed this lawsuit against her former employer on July 8, 2022, alleging defamation based upon statements that Defendant made to prospective industry employers following Plaintiff's termination. (Def.'s Notice of Removal *1; Compl. *20.) Plaintiff alleges that Defendant "took defamatory action[]" while providing employment verification and reference checks to Plaintiff's prospective employers. (Compl. *20, *22.) Plaintiff cites "numerous occurrences" (specifically, two occurrences) during her job search where she was interviewed for positions but was not offered employment. (*Id.* at *20-21.) The first instance involved an employer that Plaintiff asserts was a pilot partner on a project with Defendant. (*Id.* at *20.) The second instance involved a different employer who used the same recruiting company as Defendant. (*Id.* at *21.)

---

[3] For background purposes, the Court relies on this companion case for Plaintiff's termination date because Plaintiff's Complaint in this matter does not allege a termination date. The actual termination date, however, is not dispositive to this decision.

2

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).[4] A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), *as amended* (June 6, 2011). "First, the [C]ourt must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff. . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United*

---

[4] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

*States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.   DISCUSSION

Defendant moves to dismiss Plaintiff's defamation claim on three grounds: (1) failure to state a claim; (2) statute of limitations; and (3) insufficient service of process. (Def.'s Moving Br. 1-2, ECF No. 7-1.) Because the Court dismisses the Complaint for failure to state a claim, it does not fully address the service issue. Plaintiff, however, should properly serve any amended complaint in accordance with Rule 4. *See Keystone Mt. Lakes Reg'l Council of Carpenters v. Llanos Drywall, LLC*, No. 18-17708, 2020 WL 374459, at *2 (D.N.J. Jan. 23, 2020) (finding service by certified mail without personal delivery is insufficient).[5] The Court addresses the failure to state a claim and statute of limitations arguments below.

#### A.   Defamation Claim

To sufficiently state her defamation claim, a plaintiff must adequately allege: (1) that a defendant made a false and defamatory statement concerning plaintiff; (2) that the statement was communicated to a third party and not privileged; and (3) when the plaintiff is a private individual, fault that amounts to negligence. *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204, 206 (D.N.J. 2011) (citing *Singer v. Beach Trading Co.*, 876 A.2d 885, 894-95 (N.J. Super. Ct. App. Div. 2005)). While "a defamation pleading does not need to cite precise defamatory statements, it must . . . provide sufficient notice to the other party of the allegations made against [it]." *Cristelli v. Filomena II, Inc.*, No. 99-2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999).

---

[5] New Jersey Court Rules permit service by mail only "[i]f it appears by affidavit satisfying the requirements of R[ule] 4:4-5(c)(2) that despite diligent effort and inquiry personal service cannot be made." New Jersey Court Rule 4:4-4(b)(1); *see Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 603 (D.N.J. 2003). Plaintiff did not assert in the certification of service, or elsewhere, that personal service could not be effected after a reasonable and good faith attempt.

4

The "pleading must allege the elements of defamation . . . to a degree of sufficient specificity." *Mangan*, 834 F. Supp. 2d at 204. In other words, a plaintiff must plead facts sufficient to identify "when, where, by which defendants and by what words, written or oral, plaintiff was defamed." *Cruz v. HSBC*, No. 10-135, 2010 WL 2989987, at *3 (D.N.J. July 26, 2010) (quoting *Zoneraich v. Overlook Hosp.*, 514 A.2d 53, 62 (N.J. Super. Ct. App. Div. 1986)).

The Court finds that Plaintiff does not allege sufficient facts to overcome Defendants' Motion to Dismiss. Plaintiff has not sufficiently alleged any false statements of fact that Defendant made concerning her. (*See generally* Compl.) Neither of the two alleged incidents where Plaintiff failed to obtain employment identify any defamatory statement(s) made by Defendant. (*Id.* at *20-21.) Even accepting all of Plaintiff's allegations as true, Plaintiff's general allegations that Defendant spoke about Plaintiff to potential employers in a "disparaging" way is insufficient to support a claim of defamation without additional facts. (*See* Def.'s Notice of Removal *25; *see Veteran Relocation Project, LLC v. Borough of Bradley Beach*, No. 22-1817, 2022 WL 16822116, at *5 (D.N.J. Nov. 8, 2022) (dismissing defamation complaint alleging defendants "hurled abuse" at plaintiffs during a meeting for failure to plead sufficient facts); *see Foy v. Wakefern Food Corp.*, No. 9-1683, 2010 WL 147925, at *6 (D.N.J. Jan. 7, 2010) (dismissing defamation claim for providing no information "beyond mere conclusory statements" and failing to plead facts sufficient to "identify the defamatory words, their utterer[,] and the fact of their publication").) Plaintiff's Complaint fails to allege with enough specificity: (1) that Defendant made false and defamatory statements concerning her; and (2) fault that amounts to negligence. Because Plaintiff's allegations

5

are not sufficient to demonstrate a plausible claim for relief, the Court dismisses Plaintiff's defamation claim.[6]

### B. Statute of Limitations

Defendant also argues that Plaintiff's defamation claim is barred by the statute of limitations. (Def.'s Moving Br. 1.) While the statute of limitations is typically an affirmative defense that cannot be addressed on a motion to dismiss, there is an exception where, as here, the Complaint facially demonstrates noncompliance with the limitations period. *County of Hudson v. Janiszewski*, 520 F. Supp. 631, 649 (D.N.J. 2007). Under New Jersey law, defamation claims are subject to a one-year statute of limitations. N.J.S.A. § 2A:14-3 ("Every action at law for libel or slander shall be commenced within [one] year next after the publication of the alleged libel or slander."); *Mangan*, 834 F. Supp. at 206 (explaining a defamatory statement is "published" when it is communicated to a person other than the one defamed). The discovery rule exemption that tolls the statute of limitations in torts claims until an aggrieved party learns of his injury is inapplicable to defamation claims under New Jersey law. *Lawrence v. Bauer Publ'g & Printing Ltd.*, 396 A.2d 569, 571 (N.J. 1979). Instead, New Jersey law mandates that the statute of limitations for a defamation claim begins to run from the date of publication. *Id.* at 571; *O'Donnell v. Simon*, 362 F. App'x 300, 305 (3d Cir. 2010) (affirming a district court's dismissal of plaintiff's defamation claim filed over one year after the incident as time barred).

Plaintiff argues that the claim is not barred under Rule 15 because it relates back to previous litigation between Plaintiff and Defendant. (Pl.'s Opp'n Br. 3-4.) The relation back doctrine,

---

[6] The Court notes that Plaintiff included new exhibits in her opposition. (*Compare* Compl. *22, *with* Pl.'s Opp'n Br., ECF No. 8.) A plaintiff's complaint, however, may not be amended by the brief in opposition to a motion to dismiss. *Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

6

however, only applies to amended pleadings filed within the same case. *U.S. ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003) ("Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action.").

With this in mind, it appears to the Court that the statute of limitations has run. Plaintiff alleges Defendant made defaming comments to prospective employers when she applied to positions between September 2019 and August 2020. (Compl. *20, *22.) Plaintiff does not allege that Defendant made any additional statements after August 2020. (*See generally id.*) Nearly two years later, in July 2022, Plaintiff filed this action. (Def.'s Notice of Removal *1.)[7] If Plaintiff chooses to amend the Complaint, she should provide sufficient facts to demonstrate why the one-year statute of limitations does not bar her claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss.[8] An order consistent with this Memorandum Opinion will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Even if Plaintiff could apply the discovery rule—which, she cannot—Plaintiff's "cease and desist" letter demonstrates she was aware of her claim by November 2019. (*Id.* at *25.)

[8] Defendant also requested that the Court require Plaintiff to seek leave of Court before filing any further claims or lawsuits against Defendant because this is Plaintiff's third attempt to sue Defendant. (Def.'s Moving Br. 8-9.) While the Court denies Defendant's request at this time, Plaintiff is forewarned that the Court may grant such injunctive relief or impose sanctions if Plaintiff files further frivolous claims or lawsuits. *See Gupta v. Wipro Ltd.*, 765 F. App'x 648, 651 (3d Cir. 2019) ("Under the All Writs Act, 28 U.S.C. § 1651(a), District Courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation.")