UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA RUSSOMANNO,<br><br>Plaintiff,<br><br>v.<br><br>SUNOVION PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No. 22-5032 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon pro se Plaintiff Gina Russomanno's ("Plaintiff") Notice of Appeal and Application to Proceed in forma pauperis (the "Application").[1] (ECF Nos. 18, 19.) Plaintiff seeks to appeal this Court's Order granting Defendant Sunovion Pharmaceuticals, Inc.'s Motion to Dismiss. (ECF No. 17.) Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915. Section 1915 states, in relevant part:

> [A]ny court of the United States may authorize the commencement . . . of [an] appeal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a). Applications to appeal without the prepayment of fees are reviewed, in the first instance, by the District Court, and "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(c); *see also Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

---

[1] Plaintiff's Application to Proceed in forma pauperis is styled as a Motion for Leave to Appeal in forma pauperis. (*See* ECF No. 19.)

Here, the Application is deficient for two reasons. *First*, Plaintiff failed to follow the instructions, which require applicants to "[c]omplete all questions in [the] application and then sign it. Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (*See* Appl. 1, ECF No. 19.) Here, Plaintiff's application contains blanks. (*See id.* 1-3.) *Second*, while Plaintiff has provided an affidavit regarding an inability to pay the applicable fees (*see id.*), the Notice of Appeal and Application do not contain a statement regarding the nature or basis of the appeal. (*See* ECF Nos. 18, 19.) While the Court gives Plaintiff every benefit of the doubt as a pro se plaintiff, without any statement as to the basis of the appeal, the Court cannot grant the Application. Courts have, in similar circumstances, denied in forma pauperis applications where the applicant did not provide a basis for the appeal. *See e.g.*, *Christian v. Christian*, No. 14-5899 (D.N.J. 2014) (citing cases). As a result, the Court cannot conclude that the appeal is taken in good faith and denies the Application for leave to appeal in forma pauperis. Accordingly,

IT IS, on this 12th day of July 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Leave to Appeal in forma pauperis (ECF No. 19) is **DENIED** without prejudice. Plaintiff shall have thirty (30) days from the issuance of this Order to file the appropriate affidavit and a complete application.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**